LEO M. WALDOR, complainant-respondent,

*v.*

JOSEPH F. BRUEY, individually and trading as Federal Tool and Machine Co., defendant-appellant.

[Submitted October 25th, 1946. Decided January 17th, 1947.]

*Messrs. Kalisch & Kalisch,* for the appellant.

*Messrs. Ruback & Albach,* for the respondent Leo M. Waldor.

*Mr. John J. Clancy, pro se,* and *Messrs. Foley & Francis,* for the respondent John J. Clancy.

The opinion of the court was delivered by

DONGES, J.

These are two appeals by the defendant in a suit for an accounting between two partners. There are two appeals, one from an order approving the report of the special master to whom the matter was referred, fixing the liability between the partners, and the other from an order fixing the allowance to the special master for his services at the sum of $6,500.

A voluminous record is presented for our consideration. We feel that it would serve no useful purpose to set forth the factual situation at length inasmuch as the special master has reviewed the testimony fully in his fifty-eight page report

and the Vice-Chancellor has done likewise in a full and complete opinion. A brief statement of the situation will suffice for present purposes. Two manufacturing concerns and their owners are the parties involved. One, Federal Tool and Machine Co., was operated by the defendant Joseph F. Bruey, individually, and he was the sole owner thereof. The other, Federal Screw Machine Products Co., was a partnership. It appears that the screw concern was originally a partnership in which the defendant and the complainant, Leo M. Waldor, were equal partners. Later three others were admitted into the partnership in varying degrees and the interests of the complainant and defendant were reduced to allow for the interests of the new partners. Trouble arose resulting in application for the appointment of a receiver. John J. Clancy, who is the special master to whom the matter was later referred, was appointed receiver. That litigation seems to have been adjusted by an arrangement through which the three new partners were bought out by the complainant and defendant, who again became the only partners, although they disagreed as to their proportionate shares in the venture.

That settlement was reached in January, 1944, but by September of that year the affairs of the partnership had reached such a state that Waldor filed the bill for accounting against Bruey, individually, and trading as Federal Tool and Machine Co. The bill sought an accounting, charged misappropriation of partnership property, mismanagement of partnership affairs, of which it was claimed defendant was the dominant and operating member, commingling of partnership funds with his own, overcharge to the partnership for work performed by the tool company which he operated individually, and various other items for which complainant asserted he should be compensated as an equal partner.

A receiver was prayed for and appointed, who operated the business for some months at a profit, it is asserted, of over $100,000. The matter was referred by the Vice-Chancellor to Mr. Clancy who held hearings and took a great deal of testimony and considered many exhibits. One of the principal points of controversy in the court below consisted of the dispute over the quantity of interest each held in the busi-

ness, the defendant contending at one time that his interest was two-thirds and later, at the hearing, contending it was three-quarters. However, in this court no such contention is made and it is said by counsel for appellant in the brief, "* * * and we are convinced that we cannot successfully overcome his findings on this score and the appeal as to that finding is abandoned." The reference is to the finding that the complainant and defendant were equal partners.

The principal question that is argued in this court concerns the finding of the court below as to the value of certain so-called "secondary" work performed by the defendant for the partnership. It seems that certain work that the partnership contracted to do could not be entirely performed by it and a portion of it was sublet to the Federal Tool and Machine Co., which was operated, as stated, by the defendant individually. For this work the defendant charged the partnership and its receiver the price of 10½c per unit. The complainant claimed an express agreement to do this work for 7½c per unit. Defendant denied any agreement but claimed he was entitled to the reasonable value of the work performed, or 10¼c. The master found that the reasonable value of the work under prevailing conditions in the vicinity was less than 7½c and that the work could be done for as little as 5c, but he found a value of 7½c as the proper credit because of the insistence of the complainant that that figure was agreed upon.

Other items of lesser amount are concerned in the appeal, such as the use of and charge for certain items of machinery. Our reading of the record convinces us that the conclusions reached in the court below are amply supported by the proofs and that the order confirming the report of the special master should be affirmed.

As to the appeal from the $6,500 allowance to the special master, the contention of the appellant seems to be that in the recent case of *Armour* v. *Armour, 138 N. J. Eq. 145,* this court set down a norm or maximum of $83.33 per day for counsel fees, and that, applying this scale to the special master in this case, he should receive $4,166.50. The complainant, who, of course, is paying half of this allowance,

does not complain of the amount although in the court below, he suggested a figure of $6,000. We are not convinced that the Vice-Chancellor, who was very familiar with the amount and character of the services performed, abused his discretion in fixing the allowance at the sum of $6,500. Reasonable allowance for services of the kind here involved depends upon varying circumstances and it would not be fair and reasonable to attempt to establish a fixed amount for such services.

This order, likewise, should be affirmed.

No. 210 (with 211)—

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McLEAN, JJ. 14.

*For modification*—McGEEHAN, J. 1.

No. 211 (with 210)—

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.

*For reversal*—None.